IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRENDA JOHNSON, )
)
        Plaintiff, )
) Civil Action No. 12-1230
    v. )
)
R. R. DONNELLY PRINTING CO., *et al.*, ) Judge Terrence F. McVerry
) Chief Magistrate Judge Lisa Lenihan
)
        Defendants. ) ECF No. 16
)

# REPORT AND RECOMMENDATION

## I.    RECOMMENDATION

It is respectfully recommended that the Motion to Dismiss under Rule 12(b)(2) for lack of personal jurisdiction filed by Defendant Gerald D. Keeler (ECF No. 16) be granted.

## II.    REPORT

In this employment discrimination case, Plaintiff, Brenda Johnson, proceeding *pro se*, asserts claims for discrimination, retaliation, and wrongful termination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a), against her former employer, R. R. Donnelley Printing Co. ("R.R. Donnelley")[1] and several of its employees. One of those employees, Gerald D. Keeler, has moved to dismiss the Amended Complaint against him on the basis that this Court lacks personal jurisdiction over him. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

---

[1] In his brief in support of the motion, Defendant Keeler refers to the employer as "R.R. Donnelley & Sons, Co." in both the caption and the body of the motion. However, Defendant R.R. Donnelley has not moved to amend the caption, and until it does so, the Court will refer to

A. **Factual Background & Procedural History**

On August 29, 2012, Plaintiff filed her one-page Complaint in this action against her former employer, R.R. Donnelley, asserting claims for discrimination, retaliation and wrongful discharge. *See* ECF No. 2. The Complaint further alleges that "the facts are in the packet[, a]s well as information that the Company sent to EEOC." *Id.*[2] Plaintiff attached to her Complaint, a "packet" which consists of 100 pages of documents comprised mainly of the record before the EEOC. *See* ECF No. 2-1. It appears from these documents that Plaintiff was employed by Defendant R.R. Donnelley as a quality control inspector. *See* ECF No. 2-1 at 15, 44. It also appears from these documents that the event which triggered the alleged unlawful discrimination was a quality control issue with the Abercrombie & Fitch printing job, on or about February 2, 2011, for which Plaintiff was issued a "Final Warning" by Defendant Amy Bereksazi on February 16, 2011. *See* Charge of Discrimination dated 9-12-11 (ECF No. 2-1 at 3). Defendant Keeler is not mentioned in any of the documents attached to her original Complaint.

On November 19, 2012, Plaintiff filed a one-page Amended Complaint (ECF No. 4), in which she added the following R.R. Donnelley employees as Defendants: Amy Bereksazi, Jim Ford, Andrew Shissler, Jake Zoller, Debbie Steinmetz, Cindy Massarelli, Carrie Zdobinski, Susan Everhart, and Gerald D. Keeler.[3] The Amended Complaint does not set forth any other

---

the employer as is was named in the original Complaint, "R.R. Donnelley Printing Co."
[2] Should Plaintiff's Complaint survive Defendants' pending motion to dismiss for improper service (ECF No. 17), Plaintiff will be required to file a second amended complaint that sets forth all relevant facts in support of her claims of discrimination, retaliation and wrongful discharge against the Defendants, in the body of the complaint itself in separately numbered paragraphs. *See* Fed. R. Civ. P. 8(a) & 10.
[3] The Amended Complaint erroneously lists Ms. Zdobinski as "Carrie Zabinski," Ms. Bereksazi as "Berekzazi" and "Berekazi," Ms. Massarelli as "Mazzorelli," Ms. Steinmetz as "Steinbeck," and Gerald D. Keeler as "J.D. Keeler." Defs.' Br. in Supp. of Mot. to Dismiss for Improper Service at 2 n. 1 (ECF No. 19).

information, nor does it incorporate the original Complaint.

On January 16, 2013, Defendant Keeler moved to dismiss Plaintiff's Amended Complaint (ECF No.16), arguing in support that this Court lacks personal jurisdiction over him under Rule 12(b)(2) of the Federal Rules of Civil Procedure. In support, Keeler attached an affidavit, wherein he states that he has worked as a sales representative for R.R. Donnelley at their facility in Columbus, Ohio since before 2011. (Keeler Aff. ¶¶2-3, Ex. 2 to Def.'s Br. in Supp. of Mot. to Dismiss, ECF No. 18-1 at 5.) Keeler further states that he has lived exclusively in Ohio since the date of his birth. (*Id.* at ¶4.) He maintains that he has traveled to Pennsylvania approximately twice a year for work. (*Id.* at ¶5.) In addition, Keeler states that he was not involved in the decision to discipline the Plaintiff or in her separation from employment with R.R. Donnelley. (*Id.* at ¶¶8-9.) In fact, Keeler believes that he has never even met her. (*Id.* at ¶10.)

Plaintiff filed a response (ECF No. 21) to Defendant Keeler's motion on March 29, 2013, which appears to be an undated, unsworn statement from Plaintiff to Mr. Keeler, wherein she states, "To show association, Cyndie Massarelli as a Customer Service Representative at R.R. Donnelley . . . [in] Pittsburgh, PA. 15208 a job was sent to your address by way of UPS." Plaintiff identifies the job as the Abercrombie & Fitch Job #117199, and indicates that Keeler works for R.R. Donnelley at their facility in Columbus, Ohio. She further states that Keeler is listed on the shipping form as "J.D. Keeler." (ECF No. 21 at 2.)

**B.**     **Discussion**

In responding to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of proving, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction over the defendants, by producing

3

affidavits or other competent evidence. *Metcalfe v. Renaissance Marine, Inc.,* 566 F.3d 324, 330 (3d Cir. 2009) (citing *Pinker v. Roche Holdings Ltd.,* 292 F.3d 361, 368 (3d Cir. 2002); *Dayhoff Inc. v. H.J. Heinz Co.,* 86 F.3d 1287, 1302 (3d Cir. 1996)); *see also Time Share Vacation Club v. Atlantic Resorts, Ltd.,* 735 F.2d 61, 66 n.9 (3d Cir. 1984). If an evidentiary hearing is not held on the 12(b)(2) motion, then the plaintiff need only demonstrate a prima facie case of personal jurisdiction. *Metcalfe*, 566 F.3d at 330 (citing *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007)); *D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009) (citing *Miller Yacht Sales, Inc. v. Smith,* 384 F.3d 93, 97 (3d Cir. 2004)). A plaintiff "presents a prima facie case for the exercise of personal jurisdiction by 'establishing with reasonable particularity sufficient contacts between the defendant and the forum state.'" *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino,* 960 F.2d 1217, 1221 (3d Cir. 1992) (quoting *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n,* 819 F.2d 434, 437 (3d Cir. 1987)) (other citation omitted). In deciding a Rule 12(b)(2) motion, the court must accept as true all allegations contained in the complaint and view all factual disputes in plaintiff's favor. *D'Jamoos*, 566 F.3d at 102 (citing *Miller Yacht Sales, supra*).

The starting point for determining whether personal jurisdiction can be exercised over a defendant is Rule 4(k) of the Federal Rules of Civil Procedure, which provides that a district court obtains "personal jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located[.]" Fed. R. Civ. P. 4(k)(1)(A); *see O'Connor,* 496 F.3d at 316 (citing Rule 4(k)(1)(A)). Thus, Pennsylvania's Long-Arm Statute, 42 Pa. Cons. Stat. Ann. §5322(b), governs the case at bar. *O'Connor,* 496 at 316. Section 5322(b) authorizes personal jurisdiction over nonresidents "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum

contact with [Pennsylvania] allowed under the Constitution of the United States." In other words, as long as the requirements of the Due Process Clause of the United States Constitution have been satisfied, personal jurisdiction will lie over non-resident defendants in Pennsylvania. *Farino,* 960 F.2d at 1221; *Pennzoil Prods. Co. v. Colelli & Assocs., Inc.,* 149 F.3d 197, 200 (3d Cir. 1998) (citing *Farino,* 960 F.2d at 1221; *Renner v. Lanard Toys Ltd.,* 33 F.3d 277, 279 (3d Cir. 1994)). *See also Mendel v. Williams,* 53 A.3d 810, 817-18 (Pa. Super. Ct. 2012); *Haas v. Four Seasons Campground, Inc.,* 952 A.2d 688, 692-93 (Pa. Super. Ct. 2008).

It is axiomatic that to satisfy due process, the defendant must have certain "minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463 (1940)) (other citations omitted). The minimum contacts requirement serves the purpose of "protect[ing] the defendant against the burdens of litigating in a distant and inconvenient forum" by requiring that the "defendant's conduct and connection with the forum State [be] such that [a defendant] should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291-92, 297 (1980) (citations omitted). This framework enables "potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *Id.* at 297. Thus, a plaintiff cannot unilaterally create the necessary contacts between the defendant and the forum; rather, "minimum contacts" can arise only by "'some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.'" *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla,* 357 U.S. 235, 253 (1958)).

5

Personal jurisdiction can exist in one of two forms: specific jurisdiction or general jurisdiction. Specific jurisdiction exists where the "cause of action is related to or arises out of the defendant's contacts with the forum," *Toys "R" Us, Inc. v. Step Two, S.A.,* 318 F.3d 446, 451 (3d Cir. 2003) (quoting *Pinker,* 292 F.3d at 368), while general jurisdiction exists where the defendant's contacts with the forum are "continuous and systematic" but are not related to the plaintiff's cause of action, *Pennzoil,* 149 F.3d at 200 (citation omitted). In the instant matter, the Defendant Keeler argues that neither form of personal jurisdiction exists here.

1. **Specific Jurisdiction**

In determining whether it can exercise specific jurisdiction, the court must undertake a three-part inquiry. *D'Jamoos,* 566 F.3d at 102. Initially, the court must determine whether the defendant has "'purposefully directed'" its activities toward the forum State. *Id.* (quoting *Burger King,* 471 U.S. at 472 (quoting *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 775 (1984) (whether "minimum contacts" exist requires the court to examine "the relationship among the defendant, the forum, and the litigation."))). "Second, the litigation must 'arise out of or relate to' at least one of those activities." *Id.* (quoting *Helicopteros,* 466 U.S. at 414; *O'Connor,* 496 F.3d at 317). Finally, if the plaintiff has established the first two elements, only then does the court proceed to the third part of the inquiry–whether the defendant's contacts with the forum state are such that maintenance of the action "'does not offend traditional notions of fair play and substantial justice.'"[4] *World-Wide Volkswagon,* 444 U.S. at 292 (citing *Int'l Shoe,* 326 U.S. at

---

[4] With regard to the third prong of the specific jurisdiction analysis, the court should consider the following factors: "'the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies,' and the 'shared interest of the several States in furthering fundamental substantive social policies.'" *Burger King,* 471 U.S. at 477 (quoting *World-Wide Volkswagon,* 444 U.S. at 292).

316); *D'Jamoos,* 566 F.3d at 102. In this regard, the court of appeals observed:

> The first two parts of the test determine whether a defendant has the requisite minimum contacts with the forum. The threshold requirement is that the defendant must have "purposefully avail[ed] itself of the privilege of conducting activities within the forum State." *Hanson v. Denckla*, 357 U.S. [at 253]. To meet this requirement, the defendant's physical entrance into the forum is not necessary. *See Burger King*, 471 U.S. at 476, 105 S.Ct. at 2184; *Grand Entm't Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 482 (3d Cir.1993). A defendant's contacts, however, must amount to "a deliberate targeting of the forum." *O'Connor*, 496 F.3d at 317. The "unilateral activity of those who claim some relationship with a nonresident defendant" is insufficient. *Hanson*, 357 U.S. at 253 . . ..

*D'Jamoos,* 566 F.3d at 102-03.

In the instant case, Defendant Keeler argues that all three factors counsel against exercising specific jurisdiction over him. As to the first factor, Keeler submits that he has not purposefully directed his activities at Pennsylvania. In support, he maintains that he has never lived in Pennsylvania,[5] and has only traveled to Pennsylvania on occasion for work. However, Keeler's own affidavit undermines his position. He admits travelling to Pennsylvania approximately twice a year for work (Keeler Aff. ¶6), as a sales representative for R.R Donnelley (*id.* at ¶2), which has a facility in Pittsburgh, Pennsylvania. These facts are sufficient at this stage of the litigation to suggest that Keeler has purposefully directed his business activities at Pennsylvania on at least two occasions annually since 2010 while employed by R.R. Donnelley. Thus, the Court finds the first factor has been satisfied.

As to the second factor, Keeler submits that Plaintiff has not provided any allegations

---

[5] Keeler's argument misses the mark. Physical presence in the forum state is not required to establish personal jurisdiction. *O'Connor,* 496 F.3d at 317 (citing *Burger King,* 471 U.S. at 476). Indeed, "mail and telephone communications sent by the defendant into the forum may count toward the minimum contacts that support jurisdiction." *Grand Entm't Group, Ltd. v. Star*

7

suggesting that her claim, whatever its basis, relates in any way to one of Keeler's few trips to Pennsylvania. In response, Plaintiff has provided some evidence to show that Defendant Keeler's name appeared on a shipping form involving the Abercrombie & Fitch job, apparently the same job that was allegedly the basis for the issuance of a Final Warning to Plaintiff, which she claims led to her unlawful termination. It appears from Plaintiff's unsworn statement (ECF No. 21) that Defendant Massarelli at the Pittsburgh facility allegedly sent the Abercrombie & Fitch job to Keeler at the Ohio facility.

Unfortunately for Plaintiff, her unsworn statement indicates, at best, that the activity was directed toward Ohio, not the forum state. In addition, the mere reference to Keeler on a shipping statement sent from R.R. Donnelley's Pittsburgh, Pennsylvania facility to its facility in Columbus, Ohio, is not sufficient to show or suggest that a meaningful link exists between a yet to be identified legal obligation arising from Keeler's trips to Pennsylvania and the substance of Plaintiff's claims for wrongful termination, discrimination and retaliation. *O'Connor,* 496 F.3d at 323-24 (holding that the relatedness factor for specific jurisdiction "requires a closer and more direct causal connection than that provided by the but-for test. . . . Our relatedness analysis, however, requires neither proximate causation nor substantive relevance. *See Miller Yacht*, 384 F.3d at 99-100. It is enough that a meaningful link exists between a legal obligation that arose in the forum and the substance of the plaintiffs' claims.") Nowhere in either her original Complaint and the attached documents or the Amended Complaint does Plaintiff allege any communication between herself and Keeler. On the other hand, Keeler states in his un-rebutted affidavit that he has never met Brenda Johnson, nor does he believe he was involved in any disciplinary action taken against her or her separation from employment. (Keeler Aff. ¶¶8-10.)

---

*Media Sales, Inc.,* 988 F.2d 476, 482 (3d Cir. 1993) (citations omitted).

Accordingly, the Court finds that Plaintiff has failed to show that her claims arise out of or are related to the business activities conducted by Keeler on his trips to Pennsylvania.

Because the Court has found that Plaintiff has failed to establish the second requirement of specific personal jurisdiction, it need not address the third element, *i.e.,* whether the exercise of personal jurisdiction over Keeler would offend traditional notions of fair play and substantial justice. *D'Jamoos,* 566 F.3d at 106 (citations omitted). Accordingly, the Court finds that it lacks specific jurisdiction over Defendant Keeler.

### b. General Jurisdiction

Defendant Keeler further argues that this Court lacks general jurisdiction over him. Keeler posits that this Court must first determine whether Pennsylvania law permits the exercise of general jurisdiction over the non-resident Defendant Keeler. In support, Keeler refers the Court to Pennsylvania's Long-Arm Statute governing the exercise of general jurisdiction, 42 Pa. Cons. Stat. Ann. §5301, which provides in relevant part:

> **(a) General rule.**--The existence of any of the following relationships between a person and this Commonwealth shall constitute a sufficient basis of jurisdiction to enable the tribunals of this Commonwealth to exercise general personal jurisdiction over such person, . . . and to render personal orders against such person…:
>
> (1) Individuals.--
>
> (i) Presence in this Commonwealth at the time when process is served.
>
> (ii) Domicile in this Commonwealth at the time when process is served.
>
> (iii) Consent, to the extent authorized by the consent.

42 Pa. Cons. Stat. Ann. §5301(a)(1). If Plaintiff succeeds in proving that general personal

jurisdiction exists over Defendant Keeler under Section 5301(a), then she must also show that Defendant Keeler had such "continuous and systematic" contacts with Pennsylvania as comport with the requirements of the Due Process Clause. *Mendel,* 53 A.3d at 818 (citing *Haas,* 952 A.2d at 692).

Defendant Keeler submits that none of the three bases for exercising general personal jurisdiction under Section 5301(a)(1) are implicated here, as he does not maintain a presence in Pennsylvania, he resides in Ohio, and he has not consented to the exercise of jurisdiction over him by Pennsylvania's courts. (Keeler Aff. at ¶¶ 4-5, 7, & 11.) As such, he maintains that Pennsylvania law does not permit the exercise of general personal jurisdiction over him, regardless of whether his limited trips to Pennsylvania constitute "continuous and systematic" contacts with Pennsylvania. The Court agrees.

Neither Plaintiff's original Complaint nor her Amended Complaint contains any allegations that would suggest that she has satisfied Section 5301(a), let alone demonstrated constitutionally sufficient contacts with Pennsylvania. Moreover, Plaintiff has provided no evidence to contradict Keeler's affidavit. Additionally, a review of the docket shows that on the Proof of Service form filed by Plaintiff as to Defendant Keeler (ECF No. 15), she served the summons on Keeler at R.R. Donnelley in Columbus, Ohio 43235 by placing a copy of the Complaint in the mail at the U.S. Postal Service in Wilkinsburg, PA 15221 on 12-26-12. At the bottom of the Proof of Service form, under "Additional information regarding attempted service, etc[,]" Plaintiff lists the mailing address of Defendant's counsel in Lancaster, PA 17602. Thus, neither the Proof of Service form nor Plaintiff's response to the motion to dismiss shows that service of process was made on Defendant Keeler while he was present in Pennsylvania. Accordingly, Plaintiff has failed to establish general personal jurisdiction exists over Keeler

under Pennsylvania's Long-Arm Statute.

Nor has Plaintiff come forward with any evidence to demonstrate that Keeler had "continuous and systematic" contacts with Pennsylvania. To invoke the court's general jurisdiction, a plaintiff must prove significantly more than mere minimum contacts with the forum. *Provident Nat'l Bank,* 819 F.2d at 437 (citations omitted). Thus, to satisfy due process, the contacts of a nonresident defendant with the form must be continuous and substantial. *Id.* (citations omitted); *see also Metcalfe,* 566 F.3d at 334 (for general jurisdiction to exist, the defendant must maintain continuous and substantial forum affiliations) (citing *O'Connor,* 496 F.3d at 321). Here Keeler's unrebutted affidavit establishes only two contacts a year with Pennsylvania, which falls short of establishing continuous and systematic contacts. Thus, Plaintiff has failed to meet her burden of establishing this Court's general jurisdiction over Defendant Keeler.

## III. CONCLUSION

For the reasons set forth above, the Court concludes that Plaintiff has failed to establish a prima facie case of personal jurisdiction over Defendant Gerald D. Keeler in Pennsylvania. Accordingly, the Court recommends that the Motion to Dismiss filed by Defendant Gerald D. Keeler (Doc. No. 16) be granted with prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections shall constitute a waiver of any appellate rights.

Dated: April 9, 2013                    BY THE COURT:


                                         /s/ Lisa Pupo Lenihan
                                        LISA PUPO LENIHAN
                                        Chief U.S. Magistrate Judge

cc:    Brenda Johnson, *Pro Se*
       7235 Meade Street, Apt. 2
       Pittsburgh, PA  15208
       *Via U.S. Mail*

       All Counsel of Record
       *Via Electronic Mail*