IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRENDA JOHNSON, | ) | |
| | ) | Civil Action No. 12-1230 |
| Plaintiff, | ) | |
| | ) | Judge Terrence F. McVerry |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| R.R. DONNELLEY CO., *et al.*, | ) | |
| | ) | ECF No. 36 |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that the Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (ECF. No. 36) filed by Defendants, be granted in part and denied in part.

**II.    REPORT**

Plaintiff Brenda Johnson, proceeding *pro se*, asserts claims of discrimination, retaliation, and wrongful termination under Title VII of the Civil Rights Act of 1964, as amended, 42. U.S.C. §2000e-2(a), against her former employer, R.R. Donnelley Printing Co. ("R.R. Donnelley") and several of its employees. The Defendants have moved to dismiss the Second Amended Complaint on the basis that Plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

## A. FACTUAL BACKGROUND[1] AND PROCEDURAL HISTORY

Plaintiff began working for R.R. Donnelley on July 12, 2007. (Proposed 3rd Am. Compl. ¶ 4, ECF No. 40.) On January 31, 2011, when Plaintiff asserts that she was not scheduled to work, a quality control error occurred. (*Id.* at ¶ 6.) Plaintiff was subsequently reprimanded for failure to follow Defendant's Standard Operating Procedures in preparing the erroneous January 31st shipment. (*Id.* at ¶ 8.) Plaintiff asserts that she was under orders from her supervisor, Amy Bereksazi, to send the shipment. (*Id.* at ¶ 8.) Until being reprimanded in February 2011, Plaintiff had not received any prior disciplinary actions or complaints from R.R. Donnelley. (*Id.* at ¶ 8.)

Plaintiff, who is African American, alleges that her Caucasian supervisors knew that she had not made the mistake for which she was reprimanded. (*Id.* at ¶ 7.) She further alleges that her supervisors knew the error was likely made by a member of the Quality Assurance Personnel, and due to racial animus, she was accused of the errors. (*Id.* at ¶ 7.) Plaintiff asserts her supervisors pressured her to sign a Final Warning in regard to the shipping incident. (*Id.* at ¶ 9.) However, Plaintiff maintained she was not responsible and refused to sign the Final Warning. (*Id.* at ¶ 9.) Plaintiff asserts that Defendants attempted to shift the blame for the error from her Caucasian supervisor to herself. (*Id.* at ¶ 9.) She further alleges that Defendants did not explain or rationalize their decisions, indicating that Defendants preferred to blame an African American employee rather than a Caucasian supervisor. (*Id.* at ¶ 9.)

Plaintiff asserts that she was terminated on April 1, 2011, for her failure to accept blame for errors she did not commit. (Id. at ¶ 10.) She was terminated by the same Caucasian

---

[1] The Plaintiff has filed a proposed third amended complaint that more fully sets forth the facts supporting her claims. Because the Court recommends denying the Motion to Dismiss as to the employer based on the allegations in the proposed third amended complaint, the facts will be taken from the proposed third amended complaint.

supervisors who she asserts were trying to shift the blame for errors to her. (*Id.* at ¶ 10.) According to Plaintiff, Defendants allege that she voluntarily quit her position but, they did not raise this defense in response to Plaintiff's request for unemployment compensation benefits. (*Id.* at ¶ 10.)

Plaintiff initiated this matter on August 27, 2012, after receiving a right to sue letter from the EEOC. (ECF No. 2, 2-1 at 1.) On November 19, 2012, Plaintiff amended her complaint to include an additional nine Defendants, all employees of R.R. Donnelley. (ECF No. 4.) Defendant Keller filed a Motion to Dismiss for Lack of Personal Jurisdiction on January 16, 2013, which was granted. (ECF No. 26.) Plaintiff filed her Second Amended Complaint on June 10, 2013. (ECF No. 35.) In response, Defendants filed a Motion to Dismiss, under Fed. R. Civ. P. 12(b)(6). (ECF No. 36.) On August 1, 2013, in response to the motion filed by Defendants, Plaintiff filed a Proposed Third Amended Complaint. (ECF No. 40.) Defendants have filed a reply to the proposed third amended complaint reiterating their request that the case to be dismissed, as it would be futile to allow Plaintiff to file her proposed third amended complaint. (ECF No. 41).

### B. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir. 1993). A complaint must be dismissed for failure to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly* at 556). The Supreme Court further explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (citing *Twombly* at 556-57). The court of appeals has expounded on this standard in light of its decision in *Phillips v. County of Allegheny,* 515 F.3d 224 (3d Cir. 2008) (construing *Twombly* in a civil rights context), and the Supreme Court's recent decision in *Iqbal*:

> After *Iqbal,* it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1948. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See Id.* at 1949-50; *see also Twombly,* 505 U.S. at 555, & n. 3.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). In light of *Iqbal*, the *Fowler* court then set forth a two-prong test to be applied by the district courts in deciding motions to dismiss for failure to state a claim. First, the district court must accept all well-pleaded facts as true and discard any legal conclusions contained in the complaint. *Fowler,* 578 F.3d at 210-11. Next, the court must consider whether the facts alleged in the Complaint sufficiently demonstrate that the plaintiff has a "plausible claim for relief." *Id*. at 211. To survive a motion to dismiss, a complaint must show an entitlement to relief through its facts. *Id*. (citing *Phillips* at 234-35).

Courts generally consider only the allegations of the complaint, attached exhibits, and

matters of public record in deciding motions to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted). Factual allegations within documents described or identified in the complaint may also be considered if the plaintiff's claims are based upon those documents. *Id*. A district court may consider these documents without converting a motion to dismiss into a motion for summary judgment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

Finally, a court must employ less stringent standards when considering pro se pleadings than when judging the work product of an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In a § 1983 action, the court must liberally construe the pro se litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting *Higgins*, 293 F.3d at 688).

C. **ANALYSIS**

In support of their motion to dismiss the Second Amended Complaint, Defendants argue that Ms. Johnson has failed to allege she was terminated from her job with Defendant because of her race. Further, they contend that any claims against the individual defendants should be dismissed because there is no individual liability under Title VII. Finally, Defendants argue that the Second Amended Complaint should be dismissed because Plaintiff failed to set forth her allegations in number paragraphs in compliance with Federal Rule of Civil Procedure 10(b).

Subsequently, in response to the motion to dismiss, Plaintiff filed a proposed third

5

amended complaint. Defendants concede, as they must, that the proposed third amended complaint complies with the Rule 10(b) requirement that a party state a claim in number paragraphs limiting each to a single set of circumstances. Nonetheless, Defendants argue that the proposed third amended complaint does not cure the substantive defects with Plaintiff's allegations.

### 1. Claims Against Individual Defendants

As a preliminary matter, Defendants argue that under Title VII, there is no liability for individual defendants. In support of their position, Defendants cite *Sheridan v. E.I. DuPont de Nemours & Co.,* 100 F.3d. 1061, 1078 (3d Cir. 1996). The plaintiff in *Sheridan*, similar to this case, brought claims against both her former employer, and her former supervisor. *Id*. To determine the issue of individual liability the court first looked to the statutory definitions in Title VII. The court in *Sheridan* stated that Title VII defines employer as: "a person engaged in an industry affecting commerce who has fifteen or more employees ... and any agent of such a person". *Id* at 1077. There was however, no mention of an individual alone without employees. The court then moved to discussing the 1991 amendments. It noted that the recently added sliding scale of liability was based on the size of the business, again with no mention of individuals. *Id*. This was cited as evidence that Congress did not intend for individuals to be liable. *Id*. Citing Congressional concern about impact on small business, as well as, several other court opinions, the Court in *Sheridan* was not persuaded that Congress intended for individuals to be held liable under Title VII. *Id*.

As this Court is bound by Third Circuit precedent, the Court concludes that Plaintiff's claims against the individual defendants are not cognizable as a matter of law. Thus the Court recommends that the claims against the individual defendants be dismissed with prejudice.

## 2. Allegations of Racial Discrimination

### a. Second Amended Complaint

Next, Defendants argue that the claims against R.R. Donnelley should also be dismissed for failure to state a claim, as Plaintiff did not set forth in her Second Amended Complaint any allegations of discrimination either directly or circumstantially. In order to prove race discrimination through direct evidence, the plaintiff must provide evidence that demonstrates that the "'decision makers placed substantial negative reliance on an illegitimate criterion in making their decision.'" *Jakimas v. Hoffmann-La Roche, Inc.*, 485 F.3d 770, 786 (3d Cir. 2007) (quoting *Anderson v. Consol. Rail Corp.,* 297 F.3d 242, 248 (3d Cir. 2002)). The evidence must be so revealing of discriminatory animus that it is unnecessary to rely on any presumption from a *prima facie* case to shift the burden of production. *Id.* (citing *Anderson*, *supra*). Thus, "'[o]nly the most blatant remarks whose intent could be nothing other than to discriminate constitute direct evidence.'" *Id.* (quoting *Clark v. Coats & Clark, Inc.,* 990 F.2d 1217, 1223 (11th Cir. 1992)). If Plaintiff is unable to provide allegations of direct evidence, her claims must be analyzed under the burden shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under this test, the Plaintiff bears the burden of establishing a prima facie case by proving (1) she is a member of a protected class, (2) she is qualified for the position, (3) she suffered an adverse employment action, and (4) members outside the protected class were treated more favorably. *Jones v. School Dist. of Philadelphia*, 198 F. 3d 403, 410-11 (3d Cir. 1999). The question of whether a plaintiff has established her *prima facie* case is a question of law to be determined by the court. *Sarullo v. U.S. Postal Serv.,* 352 F.3d 789, 797 (3d Cir. 2003). The Court agrees that the allegations set forth by Plaintiff in the Second Amended Complaint are insufficient under the *Twombly* analysis to establish either direct or circumstantial evidence of

discrimination.

### b. Proposed Third Amended Complaint

R.R. Donnelley argues that the Plaintiff's proposed third amended complaint, similar to the second complaint, does not set forth sufficient allegations of either direct or circumstantial evidence of discrimination. R.R. Donnelley submits that Plaintiff's allegations do little more than infer a possibility of misconduct, which would not avoid a dismissal under Rule 12(b)(6).

The *Twombly* standard requires Plaintiff to provide more than a bare bones recital of a cause of action. R.R. Donnelley argues that the only facts that Plaintiff alleges to support her claim of racial discrimination are that her supervisors were Caucasian and she is African American which, are not enough to suggest a plausible claim of relief. In support of their position, Defendants cite to *Coulton v. University of Pa.,* 237 F. App'x 741, 748 (3d Cir. 2007). The *Coulton* court found that without more, the fact that the decision maker is a different race than the employee does not suggest that race played a role in the ultimate employment decision. *Id.* The proposed third amended complaint, however, does set forth more facts than just the difference in race between Ms. Johnson and her supervisors.

In particular, Plaintiff alleges the following facts which, if true, are sufficient to suggest a plausible claim for racial discrimination:

> 9. Plaintiff contends that her Caucasian supervisor attempted to coerce the Plaintiff into taking the blame for the error by requiring her to sign a Final Warning. In support of the Plaintiff's current position, she refused to sign this Final Warning, maintaining the position that the Plaintiff was not responsible for the incident in question.  The attempt to shift blame from the Caucasian supervisor Ms. Bereksazi, to the Plaintiff and the supervisor's failure to rationalize their decisions regarding the Final Warning to the Plaintiff indicates that the Plaintiff's supervisors as a whole, preferred the blame to be placed on the Plaintiff, an African American, rather than the Caucasian supervisor.

> 10. The Plaintiff was terminated on April 1, 2011, by the same Caucasian supervisors. Defendant Bereksazi terminated the Plaintiff for her refusal to accept blame for errors that the Plaintiff was not responsible for. Defendant R.R. Donnelley has asserted that Plaintiff voluntarily quit, they did not attempt to assert this defense as a response to Plaintiff's unemployment benefit.

Proposed Third Amended Complaint at ¶ 9 and 10. (ECF No. 40).

Taking all of these allegations as true, together with the other allegations set forth in the proposed third amended complaint, and viewing them under the less stringent standard for pro se pleadings, the Court finds Plaintiff has alleged sufficient facts to show a plausible claim for racial discrimination to survive a motion to dismiss. As such, the Court recommends that Plaintiff be allowed to file her proposed third amended complaint, and that R.R. Donnelley's Motion to Dismiss for failure to state a claim be denied.

### 3. **Futility of Amendment**

Finally, Defendants argue that it would be futile to allow Ms. Johnson to further amend her complaint, as the proposed third amended complaint does not cure substantive defects with regard to R.R. Donnelley. However, as the Court found above, Plaintiff has alleged sufficient facts to suggest a plausible claim for racial discrimination in her proposed third amended complaint, specifically paragraphs 9 and 10. Accordingly, the Court finds it would not be futile to allow Ms. Johnson to file the proposed third amended complaint.

### III. CONCLUSION

For the reasons articulated above, the Court finds it would not be futile to allow Ms. Johnson to file her proposed third amended complaint. Accordingly, it is recommended that Defendants Motion to Dismiss (ECF. No. 36), as to the claims brought against the individual Defendants be granted with prejudice. It is further recommend that the Motion to Dismiss (ECF

No. 36) as to Defendant R.R. Donnelley be denied and that the Clerk be ordered to docket the proposed third amended complaint attached to Plaintiff's Response at ECF No. 40 at 2 thru 3 and the attachments thereto at ECF No. 40-1 with the instruction that the individual defendants are to be stricken from the third amended complaint and terminated as parties in this case. The Court notes that service was never affected on Defendant Susan Everhart. However, because there is no individual liability under Title VII, service and continuation of this lawsuit against Defendant Everhart would be futile. Therefore, the Court recommends sua sponte dismissal of third amended complaint against Defendant Everhart.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: October 1, 2013

By the Court:

_____
LISA PUPO LENIHAN
Chief United States Magistrate Judge

cc: All Counsel of Record
*Via Electronic Mail*

Ms. Brenda Johnson, Pro Se
7228 Thomas Blvd.
Apt 1A
Pittsburgh, PA 15208
*Via First Class U.S. Mail*