**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

BRENDA JOHNSON,                             )
                                                             )
                          Plaintiff,              )          Civil Action No.  2:12-cv-1230
                                                             )
              v.                                     )          Judge Terrence F. McVerry
                                                             )          Chief Magistrate Judge Lisa Pupo
R.R. DONNELLY PRINTING CO.,      )          Lenihan
                                                             )
                          Defendant.           )

## REPORT AND RECOMMENDATION

## I.      RECOMMENDATION

It is respectfully recommended that the Third Amended Complaint in the above-captioned case be dismissed without prejudice based upon Plaintiff's failure to prosecute.

## II.     REPORT

Plaintiff, Brenda Johnson ("Plaintiff"), proceeding *pro se*, initiated this suit on August 27, 2012, by filing a Motion for Leave to Proceed *In Forma Pauperis* along with a Complaint.  [ECF No. 1].  Plaintiff's Motion was granted by the Court and directed the Clerk of Court to file the Complaint.  Following the first round of motions to dismiss, the Court conducted a settlement conference on June 4, 2013 [ECF No. 29], and an Order granting a Joint Stipulation of Dismissal was entered by the Court.  [ECF No. 30].  On June 7, 2013, Plaintiff notified the Court that she declined the settlement.  [ECF No. 33].  Thereafter, the Court vacated its Order on the Joint Stipulation of Dismissal.  [Text Order dated June 10, 2013].

After amending her Complaint a second time and partially surviving Defendants' Motion to Dismiss (ECF No. 36], the matter was allowed to proceed on Plaintiff's Third Amended

Complaint [ECF No. 53] solely against Defendant R.R. Donnelley & Sons Co. ("Defendant"). This Complaint alleged that Defendant discriminated against her on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-2(a)(1) ("Title VII"). Defendant subsequently filed an Answer on November 13, 2013. [ECF No. 52].[1]

On January 9, 2014 the Court held an initial case management conference, at which the Court explained to Plaintiff the civil litigation discovery process and the consequences if either party failed to comply with its discovery obligations. [ECF No. 59]. Also at this conference, counsel for Defendant personally served Plaintiff with Defendant's first set of requests for production of documents and interrogatories. Accordingly, Plaintiff's responses to those discovery requests were due within 30 days of service, namely, no later than February 10, 2014. *See* Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A).

Following the conference, the Court entered an initial case management order [ECF No. 60] setting deadlines, establishing a deadline of January 17, 2014 for the parties to provide their Rule 26(a)(1)(A) initial disclosures, and setting a discovery deadline of June 30, 2014.

On March 10, 2014, Defendant filed a Motion to Compel Discovery [ECF No. 61], in which it alleged that Plaintiff had failed to provide initial disclosures, despite assuring counsel in a telephone call on or about January 24, 2014 that she would do so within days. [ECF No. 61 at ¶ 5]. When Plaintiff still had not provided her initial disclosures or responses to Defendant's discovery requests by February 19, 2014, counsel for Defendant sent a letter to Plaintiff requesting the missing discovery be provided no later than March 5, 2014, and indicating that if Plaintiff wished to discuss the matter, to give counsel a call. *Id*. at ¶ 6. Defendant further alleged that Plaintiff had not provided the requested information, nor had she contacted counsel since their conversation on January 24, 2014. *Id*. at ¶ 7. Defendant informed the Court that it

---

[1] This docket number is out of sequence due to an apparent docketing error.

needed the requested discovery and initial disclosures in order to prepare to take Plaintiff's deposition. *Id*. at ¶ 8.

The Court entered an Order on March 11, 2014 directing Plaintiff to file a response to the Motion to Compel Discovery no later than March 24, 2014. [Text Entry dated March 11, 2014]. Plaintiff was further instructed that in lieu of responding to the Motion, she could provide the requested discovery by March 24, 2014, and file a certificate of compliance with the Court by March 24, 2014 indicating that she had done so. *Id*.

Plaintiff failed to comply with this Court's Order and on March 28, 2014, the Court issued an Order to Show Cause why the Court should not issue a report and recommendation recommending the dismissal of this action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. [ECF 62]. Plaintiff's response to this Show Cause Order was due no later than April 11, 2014. *Id*. at p. 2. This Order was sent to Plaintiff via First Class U.S. Mail and certified mail at her address of record. [Staff notes dated March 28, 2014].

On April 18, 2014, the Court's Text Order dated March 11, 2014 that had been sent to Plaintiff at her address of record was returned to the Court, and the envelope was marked with a label stating: "Return to Sender. Not deliverable as addressed. Unable to forward." [Remark dated April 18, 2014]. The Court's Show Cause Order, however, has not been returned to the Court.

On April 25, 2014, the Court granted the Defendant's Motion to Compel Discovery in light of Plaintiff's failure to provide any response to the Motion. [Text Order Entry dated April 25, 2014]. To date, Plaintiff has not provided the requested initial disclosures or discovery to the Defendant, nor has she filed any response to the Court's Show Cause Order.

A district court has inherent power to dismiss a complaint, *sua sponte*, under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to comply with an order of court. *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 871 (3d Cir.1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule 41(b)."); *Guver v. Beard*, 907 F.2d 1424, 1429 (3d Cir.1990). Furthermore, a court's decision to dismiss for failure to prosecute is committed to the court's sound discretion. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 230 (3d Cir.1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City School Dist.*, 550 U.S. 516, 127 S.Ct. 1994, 167 L.Ed.2d 904 (2007). In exercising that discretion, a district court should, to the extent applicable, consider the six factors identified in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 868 (3d Cir.1984), when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 n. 18 (3d Cir.1995).

In *Poulis*, the Third Circuit Court of Appeals set forth the following six factors to be weighed in considering whether dismissal is proper:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id*. at 868 (emphasis omitted). These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. *Hicks v. Feeney*, 850 F.2d 152 (3d Cir.1988).

Upon consideration of the *Poulis* factors, this Court recommends the dismissal of the matter. Plaintiff is proceeding *pro se*, and bears full responsibility for any failure in the prosecution of her claims. *See Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008) (a pro se plaintiff is personally responsible for the progress of his case and compliance with a court's orders). Plaintiff was personally served with the Defendant's requests for discovery, and there is no indication that she did not receive the Court's Order to Show Cause as to why her case should not be dismissed for failure to prosecute. The responsibility for her failure to comply is Plaintiff's alone. In *Poulis*, prejudice was found to exist where the adversary was required to prepare and file motions to compel answers to interrogatories. *Poulis*, 747 F.2d at 868. In this case, Plaintiff never provided her initial disclosures, nor did she respond to the Defendant's discovery requests. Plaintiff's failure to do so resulted in the Defendant's having to file a motion to compel responses in order to gain information in preparation for the Plaintiff's deposition. We are mindful that this Court's Order dated March 11, 2014 was returned to the Court as "not deliverable." Nonetheless, to the extent Plaintiff has again changed her address, her failure to inform this Court or the Defendant makes it impossible to determine whether she has an interest in pursuing this case, nor can the matter proceed. The inability to proceed in the normal course necessitates a finding that Defendant is prejudiced by the Plaintiff's failure to prosecute.

Plaintiff has made no effort to move this case forward since January 2014, ignoring the Court's Case Management Order dated January 9, 2014, and Show Cause Order dated March 28, 2014. This is sufficient evidence, in the Court's view, to indicate that Plaintiff does not intend to proceed with this case in a timely fashion. There is no indication on this record that Plaintiff's failure was the result of any excusable neglect. Thus, the conclusion that her failure is willful is inescapable. Moreover, in light of Plaintiff's *pro se* status, it is unlikely that any sanctions

imposing costs or fees upon her would be effective.  *See Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002).

Finally, Plaintiff alleges that she was terminated on the basis of her race in violation of Title VII.  [ECF No 53].  Although Plaintiff's discrimination claim has survived early motion practice, the merits of her claim are impossible to determine at this early stage of the proceedings.

In sum, consideration of the *Poulis* factors weigh heavily in favor of dismissal, and this Court recommends the case be dismissed.

## III.    CONCLUSION

Based upon the discussion above, it is respectfully recommended that this action be dismissed for failure to prosecute.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections to this report.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to file timely objections will constitute a waiver of any appellate rights.

Dated:  May 9, 2014                                BY THE COURT:

                                                   *s/ Lisa Pupo Lenihan*
                                                   LISA PUPO LENIHAN
                                                   Chief United States Magistrate Judge


cc:     All counsel of record
        *Via Electronic Mail*

        Ms. Brenda Johnson
        7228 Thomas Blvd., Apt. 1A
        Pittsburgh, PA  15208
        *Via First Class U.S. Mail and Certified Mail*